IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cornell Wilson, Jr.,<br><br>   Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>   Defendants. | No. CV-19-01979-PHX-GMS<br><br>**ORDER** |

  Pending before the Court are Petitioner's Petition for Writ of Habeas Corpus and United States Magistrate Judge Fine's Report and Recommendation ("R&R"). (Docs. 1, 14.) The R&R recommends that the Court dismiss the Petition with prejudice. (Doc. 14 at 13.) The Magistrate Judge advised the parties that they had fourteen days to file objections to the R&R and that failure to file timely objections could be considered a waiver of the right to obtain review of the R&R. *Id.* at 13-14 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72; *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)).

  The parties did not file objections, which relieves the Court of its obligation to review the R&R. *See Reyna-Tapia*, 328 F.3d at 1121; *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("Section 636(b)(1)] does not . . . require any review at all . . . of any issue that is not the subject of an objection."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). The Court will accept the R&R and dismiss the Petition with prejudice. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate"); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

**IT IS HEREBY ORDERED:**

1. Magistrate Judge Fine's R&R (Doc. 14) is **ACCEPTED**.

2. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITH PREJUDICE**.

3. The Clerk of Court shall **TERMINATE** this action and enter judgment accordingly.

4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 21st day of May, 2020.

_____
G. Murray Snow
Chief United States District Judge